UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LUIS CORTEZ,

                      **Plaintiff,**

v.

                                                  **19-CV-214**

**COMMISSIONER OF SOCIAL SECURITY,**

                      **Defendant.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. No. 11. Luis Cortez ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for benefits. This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before this Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 7, 9. For the following reasons, Plaintiff's motion (Dkt. No. 7) is granted, and the Commissioner's motion (Dkt. No. 9) is denied.

## BACKGROUND

On August 5, 2015, Plaintiff filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging that he became disabled on April 15, 2014 by herniated discs, back pain/inflammation, mood swings, weight gain, and partial tears in

both knees and ankles.  Tr. at 218, 220, 265, 273.[1]  Plaintiff's claims were denied at the initial level and he requested review.  Tr. at 160-61.  Administrative Law Judge Mary Mattimore ("the ALJ") conducted an in-person hearing on December 22, 2017.  Tr. at 57-117.  Plaintiff, who was represented by counsel, testified as did an impartial vocational expert.  Tr. at 57-117.  On February 23, 2018, the ALJ issued a decision in which she found that Plaintiff was not disabled and, therefore, not entitled to benefits.  Tr. at 10-33.  The Appeals Council denied Plaintiff's request for review, making the ALJ's determination the final decision of the Commissioner.  Tr. at 1-7.  Plaintiff thereafter commenced this action seeking review of the Commissioner's decision.  Dkt. No. 1.

## **LEGAL STANDARD**

**Disability Determination**

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe," meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of

---

[1] Citations to "Tr. at __" refer to the pages of the administrative transcript, which appears at Docket No. 6.

impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listing"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the Listing criterion and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If not, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007).  Section 405(g) limits the scope of the Court's review to two inquiries:  whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole.  *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003).  Substantial evidence is "more than a mere scintilla."  *Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009).  "It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion."  *Id.* (emphasis added and citation omitted).  The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard.  *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko,* 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)).  If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the Plaintiff's position.  *See Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).  Likewise, where the evidence is susceptible to more than one rational

interpretation, the Commissioner's conclusion must be upheld. *See, e.g., Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## DISCUSSION AND ANALYSIS

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process described above. *Lynch v. Astrue*, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date, April 15, 2014. Tr. at 16. At step two, she found that Plaintiff had the following severe impairments: cervical spine herniated and disc bulges; lumbar spine disc displacement and radiculopathy; traumatic arthropathy; myofascial pain syndrome; bilateral knee partial tears and tendinopathy and internal derangement of the left knee; arthritis; and receptive and expressive language disorders. Tr. at 16-17.[2] The ALJ found that Plaintiff's adjustment disorder with depression and history of substance abuse were non-severe based on Plaintiff's testimony that he did not have any significant limitations from his depression and that he had been clean and sober for over three years. Tr. at 16-17.

At step three, the ALJ concluded that Plaintiff's impairments did not, either individually or in combination, meet or equal the Listing criterion, giving special consideration to Listing 1.02 (Major Dysfunction of a Joint), 1.04 (Disorders of the Spine)

---

[2] This Court presumes the parties' familiarity with Plaintiff's medical history, which is detailed at length in the papers.

12.02 (Neurocognitive Disorders); 12.04 (Depressive, Bipolar and Related Disorders) and 12.11 (Neurodevelopmental Disorders).  Tr. at 17-18.  Regarding the "paragraph B" criteria, the ALJ found that Plaintiff had a mild limitation in three broad areas of functioning (interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself), and a moderate limitation in the area of understanding, remembering, or applying information.  Tr. at 19.

The ALJ found, based on the entire record and the vocational expert's testimony, that Plaintiff retained the RFC for sedentary work as defined in 20 C.F.R. § 404.1567(a) and 20 C.F.R. § 404.967(a), except that he requires occasional use of a cane to ambulate; can occasionally climb stairs, ramps, ladders, ropes, and scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; and can perform simple, routine, and repetitive tasks consistent with unskilled work.  Tr. at 20.  Continuing to the fourth step, the ALJ found that Plaintiff was able to perform jobs that exist in significant numbers in the national economy, including the sedentary jobs of order clerk (DOT 209.567-014), document preparer (DOT 249.587-018), and stuffer (DOT 731.685-014).  Tr. at 27.  Accordingly, concluded the ALJ, Plaintiff was not under a disability from April 15, 2014, through the date of her decision.  Tr. at 24.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the pleadings.  Dkt. Nos. 7, 9.  Plaintiff argues that the ALJ relied on stale medical opinion evidence in making her physical RFC finding, and that she substituted her own lay

judgment for that of the speech and language pathologist. Dkt. No. 7-1, pp. 9-16. The Commissioner contends that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence, and that the ALJ properly evaluated the opinion evidence of the pathologist. Dkt. No. 9-1, pp. 7-18. Having reviewed the record in its entirety, this Court finds that the opinion evidence upon which the ALJ relied in rendering the RFC was stale and that this erroneous reliance requires remand.

**The ALJ's Physical RFC Assessment**

As the ALJ noted in her decision, Plaintiff alleges an inability to work based on physical and mental impairments. Tr. at 21. The record shows that Plaintiff was involved in several accidents, which caused him physical injury. Tr. at 70. For example, Plaintiff was struck by a vehicle while riding on a bicycle in April of 2014; was hit by a car as a pedestrian in May of 2017, resulting in back and neck injuries; and fell off a ladder and fractured his left tibia, requiring surgery, in August of 2017. Tr. at 70, 372, 376, 377, 427. The ALJ acknowledged these accidents in her opinion. Tr. at 21.

In formulating the RFC, the ALJ afforded "great weight" to only one medical opinion relating to Plaintiff's physical limitations, specifically, the assessment of consulting examiner, Dr. Hongbiao Liu, who opined in November of 2015, that Plaintiff has moderate limitations for prolonged walking, bending, and kneeling. Tr. at 326-29. The ALJ explicitly afforded "little weight" to (thus, essentially rejecting) the opinions of George Huckell, M.D., Pratibha Bansal, M.D., and Julius Horvath, D.C., Plaintiff's treating physicians and chiropractor, who all opined that Plaintiff was much more restricted in his physical abilities

than Dr. Liu did.  Tr. at 25, 340 (Dr. Huckell finding Plaintiff to be temporarily disabled on June 11, 2014); 309 (Dr. Bansal concluding on August 5, 2014, that Plaintiff was 75% temporarily impaired); 512 (Mr. Horvath indicating on May 25, 2017, that Plaintiff's tear in his knee and his herniated discs would disable him for approximately 4-6 months).

Plaintiff argues, and this Court agrees, that because Dr. Liu's opinion predated Plaintiff's 2017 surgery for his fractured tibia, it cannot, as the only opinion concerning Plaintiff's functional limitations, constitute substantial evidence in support of the RFC.  *Pagano v. Comm'r of Soc. Sec.*, No. 16-CV-6537-FPG, 2017 WL 4276653, at *5 (W.D.N.Y. Sept. 27, 2017) (citing cases for the proposition that "[a] stale medical opinion, like one that is rendered before a surgery, is not substantial evidence to support an ALJ's finding"); *Girolamo v. Colvin*, No. 13-CV-06309 MAT, 2014 WL 2207993, at *8 (W.D.N.Y. May 28, 2014) (holding that the ALJ should not have afforded great weight to medical opinions rendered before the claimant's second surgery).  The record shows that in the weeks following his surgery, Plaintiff presented to the emergency room with complaints of pain in his left lower leg, that he could not walk on the leg three months after surgery, and that when examined by Dr. Bansal at that time, he had tenderness on the medial malleoli, pain on flexion, and tenderness on palpation of the medial aspect of his left leg.  Tr. at 411, 413, 563.  Moreover, post-surgical x-rays revealed some incomplete bridging callus formation at the tibial and diaphyseal fractures.  Tr. at 564.

While the record does contain post-surgical x-rays and Doppler imaging showing generally stable alignment of the left tibial open reduction and internal fixation and normal blood flow (Tr. 564, 567), the ALJ, not being a medical professional, cannot translate these bare medical findings into specific conclusions about Plaintiff's functional capacities.  *Cestare v. Colvin*, No. 15-CV-6045P, 2016 WL 836082, at *2 (W.D.N.Y. Mar. 4, 2016) (citing *Dailey v. Astrue*, No. 09-CV-0099(A)(M), 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010) for the principle that "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence").  The ALJ's rejection of all of the medical opinions related to Plaintiff's post-surgical physical functioning created a gap in the record that must now be developed.[3]  *Rosa*, 168 F.3d at 79 (holding that "an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record").[4]  Accordingly, this case is remanded to the Social Security Administration with directions to develop the record relating to Plaintiff's post-surgical physical limitations.

---

[3] Because the ALJ rejected all of the post-surgical opinions, this case is distinguishable from *Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016), cited to by the Commissioner, where the ALJ supported claimant's RFC with a letter from the claimant's doctor stating that he had "severe functional limitations" prior to his aortic valve replacement surgery, but since that surgery had made "clinical improvement."

[4] The Commissioner argues that because Plaintiff was represented by counsel and she did not attempt to supplement the record relating to Plaintiff's physical limitations following surgery, remand is not warranted.  This Court does not agree.  It was the ALJ's post-hearing rejection of the post-surgical medical opinions that created the gap in the record, and, in any case, the duty to develop a complete record applies even when the claimant is represented by counsel.  *Moran*, 569 F.3d at 112.

9

Having remanded on this basis, this Court need not reach Plaintiff's remaining argument regarding his mental deficits. *Hooper v. Colvin*, 199 F. Supp. 3d 796, 816 (S.D.N.Y. 2016). Instead, on remand, this Court directs the ALJ to reassess whether it was appropriate to afford "limited weight" to the opinion of speech and language pathologist, Justin Carr, CCC-SLP.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is hereby GRANTED, and the Commissioner's motion for Judgment on the pleadings (Dkt. No. 9) is DENIED. Consistent with the foregoing decision, this matter is remanded to the Social Security Administration for an opinion regarding Plaintiff's post-surgical limitations and a reassessment of whether it was appropriate to afford "limited weight" to the opinion of the speech and language pathologist, Justin Carr, CCC-SLP. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 29, 2020

                                    *s/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**